[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13883

Non-Argument Calendar

_____

ULISE LAUTARU,
JUSTIN NICOLAS LAUTARU,
ANCA ALINA LAUTARU,
FRANCESCA JENNIFER LAUTARU,

Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A208-927-620

_____

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM and
GRANT, Circuit Judges.

PER CURIAM:

Ulise Lautaru, a native and citizen of Romania, and his wife
and children, as his derivative beneficiaries, petition for review of
the denial of his application for asylum under the Immigration and
Nationality Act. 8 U.S.C. § 1158(b). Lautaru has abandoned any
challenge that he might have made to the denial of his applications
for withholding of removal under the Act and for relief under the
Convention Against Torture by offering no argument on those is-
sues. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th
Cir. 2005). Lautaru argued that he was persecuted based on his sta-
tus as a Roma. The Board of Immigration Appeals "agree[d] with
the Immigration Judge that [two] incidents of past harm [the Lau-
tarus] experienced . . . d[id] not rise to the level of persecution" and
found that Lautaru "failed to demonstrate an independent likeli-
hood of future persecution." We deny in part and dismiss in part
Lautaru's petition.

We review the decision of the Board and that part of the immigration judge's decision that the Board affirmed. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). Our review of the decision is "limited" by "the highly deferential substantial evidence test," under which we must affirm so long as the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (internal quotation marks omitted). "[W]e view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004). We can reverse "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id.*

Substantial evidence supports the finding that Lautaru did not suffer past persecution. Lautaru testified that, in 2008, his Romanian coworkers "slapped . . . [his] body and face," and in 2015, his wife was insulted, denied goods in a market, and pushed by shoppers onto the ground, which fractured her wrist and later required surgery to heal. But those two isolated and brief incidents of harassment and battery considered cumulatively do not amount to persecution. "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000). Even verbal threats "in conjunction with [a] minor beating" do not compel a finding that an alien has suffered persecution. *Djonda v. U.S. Att'y*

*Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008) (holding that no persecution occurred when officers beat an alien with a belt and kicked him, which caused lacerations and bruising that required treatment for two days in a hospital); *see also Martinez v. U.S. Att'y Gen.*, 992 F.3d 1283, 1291 (11th Cir. 2021) (insufficient evidence of past persecution when alien was beaten by two plain-clothes officers that rendered him briefly unconscious and required his mother to stitch closed a cut on his head, was threatened with imprisonment and torture by Cuban officials and by the head of a group of Cuban government informants, and fired from three jobs as a waiter after government officials threatened the business owners); *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1331 (11th Cir. 2010) ("[M]inor beating [by police on one occasion] did not rise to the level of persecution.").

We lack jurisdiction to review Lautaru's argument that the severe economic disadvantage his family faced as Romas amounted to persecution. Lautaru never argued that he was "reduce[d] . . . to an impoverished existence." *Mu Ying Wu v. U.S. Atty. Gen.*, 745 F.3d 1140, 1156 (11th Cir. 2014) (internal quotation marks omitted). Before the immigration judge, Lautaru argued that being Roma made it "difficult to find" or retain a job, not that being Roma caused him to be destitute. Nor did Lautaru's allegation on appeal to the Board that he was "unable to get a job . . . on account of his ethnicity" satisfy the exhaustion requirement. Lautaru failed to "both raise[] the core issue [of severe economic deprivation] before the [Board] and also set out any discrete arguments

he relie[d] on in support of that claim." *Jeune*, 810 F.3d at 800 (internal quotation marks and citations omitted). "[A]bsent a cognizable excuse or exception," we "lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies." *Amaya–Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We dismiss this part of Lautaru's petition for review.

We also lack jurisdiction to review Lautaru's argument that Romanians' pattern or practice of persecuting Roma substantiates his fear of future persecution if returned to his homeland. Lautaru's conclusory argument to the Board that his "exhibits demonstrate . . . there continues to be extreme discrimination against Roma or 'gypsy' people in Romania" was insufficient to exhaust the claim. *See Jeune*, 810 F.3d at 800. And Lautaru offers no substantive discussion of the pattern or practice issue in his brief for his petition for review. *See Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 681 (11th Cir. 2014). We dismiss this part of Lautaru's petition too.

Substantial evidence supports the finding that Lautaru lacks a well-founded fear of future persecution on returning to Romania. Without evidence of past persecution, Lautaru is not entitled to a presumption of future persecution. *See Murugan v. U.S. Att'y Gen.*, 10 F.4th 1185, 1193 (11th Cir. 2021). And the record does not compel a finding that Lautaru would be singled out for persecution. *See id.* Lautaru identified only two incidents of discrimination in Romania. He testified it was difficult to find steady work, but that he performed construction jobs. Additionally, Lautaru testified

6                    Opinion of the Court                    21-13883

that he was unaware of any of the several members of his immediate and extended family in Romania who had been subjected to discrimination.

PETITION DENIED IN PART AND DISMISSED IN PART.